1  RAJ V. ABHYANKER, California SBN 233284
   Email: raj@legalforcelaw.com
2
3
4  LEGALFORCE RAPC WORLDWIDE, P.C.
   1580 W. El Camino Real, Suite 10
5  Mountain View, CA 94040
   Telephone:   (650) 965-8731
6  Facsimile:    (650) 989-2131

7  Attorney for Plaintiff

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

13 | LEGALFORCE RAPC WORLDWIDE P.C., | Case No.: 3:25-cv-9010 |
14 | RAJ ABHYANKER,                   |                        |
15 |        Plaintiffs,               | **FIRST AMENDED COMPLAINT FOR:** |
16 |    v.                            | 1. DECLARATORY JUDGMENT ACT, DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et. seq. |
17 | UNITED STATES PATENT &           |                        |
18 | TRADEMARK OFFICE,                |                        |
19 |        Defendant.                | **BENCH TRIAL REQUESTED** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to the FOIA, 5 U.S.C. §552(a)(4)(B), 28 U.S.C. § 1331.

2. Venue properly lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402(a)(2), as Plaintiff's principal place of business is in this state.

3. FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief from withholding records and to order production of such records, and grant other equitable relief as the Court may deem just and proper. 5 U.S.C. § 552(a)(4)(B); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (*citing Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 19-20 (1974) ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.")).

4. This Court has jurisdiction to hear this claim, as Plaintiffs have exhausted its administrative remedies through the USPTO's failure to respond within 20 working days (or 30 working days if the ten day extension was properly invoked) as required by law. 5 U.S.C.§ 552(a)(6)(A)(i). Under FOIA, requesters "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. § 552(a)(6)(C)(i).

5. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

**Plaintiffs**

6. LegalForce RAPC Worldwide P.C. is a California S law firm, with a principal place of business at 1580 West El Camino Real, Suite 10, Mountain View California 94040.

7. Raj Abhyanker is an individual residing in this District, with a principal place of business at 1580 West El Camino Real, Suite 10, Mountain View California 94040.

**Defendant**

8. The USPTO is a branch of the United States Department of Commerce ("DOC") with a stated mission to foster innovation, competitiveness and economic growth, domestically and abroad by delivering high quality and timely examination of patent and trademark applications, guiding domestic and international intellectual property policy, and delivering intellectual property information and education worldwide, with a highly-skilled, diverse workforce. The USPTO's principal place of business is located at 600 Dulany Street, Alexandria, VA 22314 with a Silicon Valley office located at 26 South 4th Street, San Jose, CA 95112. The USPTO is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession of, and exerts control over, records responsive to Plaintiff's FOIA request to it.

## STATEMENT OF FACTS

**Plaintiff's First FOIA Request**

1. On November 29, 2024, Plaintiffs LegalForce RAPC Worldwide P.C. and Raj Abhyanker, its managing attorney, submitted a written request under the Freedom of Information Act (5 U.S.C. § 552) to the United States Patent and Trademark Office ("USPTO") and the U.S. Department of Commerce Office of Privacy and Open Government. (**Ex. A**)

2. The request (FOIA Request No. F-25-00101) sought access to records necessary to evaluate the statutory and constitutional basis for the USPTO's Office of Enrollment and Discipline ("OED") enforcement collaboration with the Department of Housing and Urban Development ("HUD") between 2020 and 2024. *Id.*

3. The FOIA request identified eight specific categories of records :

   A. **Contracts, Agreements, and Memoranda of Understanding (MOUs):** Any contracts, subcontracts, or agreements, including MOUs, between the USPTO's Office of Enrollment and Discipline (OED) and the Department of Housing and Urban Development (HUD), related to enforcement actions or investigative collaboration between 2020 and 2024. (**Ex A**)

   B. **Invoices from HUD to USPTO (2020-2024):** All invoices submitted by HUD to the USPTO for services rendered or actions taken as part of any collaboration or agreement from 2020 through 2024. *Id.*

C. **Summary of Payments to HUD (2020-2024):** A detailed summary of all payments made by the USPTO to HUD between 2020 and 2024, including dates, amounts, and descriptions of the payments. *Id.*

D. **Checks to ALJ Judges:** Copies of all checks issued by the USPTO to Administrative Law Judges (ALJs), including but not limited to Judge J. Jeremiah Mahoney, during the same period (2020-2024). *Id.*

E. **Policies, Guidelines, and Procedures:** Documents, manuals, or guidelines establishing the scope, process, and implementation of the OED's enforcement or disciplinary actions conducted under any collaboration or agreement with HUD between between 2020 and 2024. *Id.*

F. **Communications:** Written communications, including emails, letters, or memos, between USPTO and HUD officials concerning the scope, interpretation, or execution of any agreement or contract regarding enforcement or disciplinary actions between 2020 and 2024. *Id.*

G. **Authority and Legal Interpretations:** Records or documents sufficient to establish the statutory or regulatory authority under which the USPTO has entered into or operates its enforcement relationship with HUD between 2020 and 2024. *Id.*

H. **Ambiguities in Statutory or Regulatory Authority:** Any records that address or discuss ambiguities in the statutory or regulatory basis for the OED's enforcement relationship with HUD, including internal discussions or opinions interpreting these laws or regulations between 2020 and 2024. *Id.*

4. The same day, the USPTO acknowledged receipt of the request, docketing it as FOIA Request No. F-25-00101 and stating that it would respond within twenty (20) working days, as required by law. (**Ex. B**)

5. On December 31, 2024, USPTO issued a written "Extension Letter," invoking the ten-working-day extension under 37 C.F.R. § 102.6(c) due to "a large volume of documents" and "the need to consult with the subject-matter expert and provider of the documents." The extension moved the statutory deadline to approximately January 15, 2025. (**Ex. C**)

6. Only after a first request for an update on January 16, 2025, FOIA Officer Karon E. Seldon emailed Plaintiffs stating that the request "consists of eight distinct components" and would require "at least eight weeks to compile and review all necessary information." that same day (**Ex. D**)

7. Only again after a second request for an update on February 6, 2025, Seldon admitted the search had just been completed but that document review was ongoing; she could not provide a completion date and only hoped for production "response by the end of this month or early March" the next day on February 7, 2025. (**Ex. E**)

8. Only after a request for a third request for an update on March 30, 2025, Seldon again wrote to Plaintiffs, now attributing continued non-production to "unforeseen issues within our computer system," and declined to give any definite completion date on April 4, 2025. (**Ex. F**)

9. FOIA requires agencies to determine within twenty working days, or thirty with a valid extension, whether to comply with a request. The USPTO's failure to issue a determination by mid-January 2025 constituted a constructive denial under 5 U.S.C. § 552(a)(6)(C)(i).

**The Interim and Final Responses**

9. On April 9, 2025, USPTO sent an interim response, releasing only 23 pages of records with heavy redactions under FOIA Exemptions 4 (confidential commercial information), 5 (deliberative process), and 6 (personal privacy).

10. No Vaughn index or specific justification accompanied the redactions.

11. On September 24, 2025, more than nine months after the request was filed, USPTO issued a "final" determination claiming that all remaining responsive records "originated with HUD" and therefore had been referred to HUD for processing and direct response. (**Ex. G**)

12. Plaintiffs promptly appealed, explaining that USPTO's referral was overbroad and unlawful because the agency retained copies, custody, and operational use of those HUD-originated materials in its own files, thereby making them "agency records" under *Department of Justice v. Tax Analysts*, 492 U.S. 136 (1989).

13. On October 17, 2025, David Shewchuk, Deputy General Counsel for General Law, issued the final appeal determination (A-25-00024), denying relief. (**Ex. H**)

14. The decision asserted that the referral to HUD was proper and that the USPTO's search-limited to the Offices of Procurement, Finance, and General Counsel-was "reasonably calculated to uncover all relevant documents."

15. The USPTO's appeal decision ignored controlling Supreme Court precedent establishing that an agency must disclose all records it has created or obtained and that are under its control under *Department of Justice v. Tax Analysts*, 492 U.S. 136 (1989). By referring every remaining responsive record to HUD, USPTO effectively withheld agency records that it possessed, relied upon, and used to conduct OED enforcement operations.

16. As of the filing of this Complaint, USPTO has failed to release the majority of responsive records, has provided no justification for its extended delay, and has refused to acknowledge its continuing custody and control over the referred materials.

**Plaintiffs' Exhaustion of Administrative Remedies**

17. Plaintiffs have exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

18. The USPTO's October 17, 2025 denial constitutes the agency's final action on Appeal No. A-25-00024. No further administrative review or remedy is available. This action is therefore properly before this Court.

### FIRST CAUSE OF ACTION

(FOIA – Failure to Conduct an Adequate Search for Records)

19. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted all administrative remedies with respect to both these FOIA requests.

20. Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(C), to an adequate search for the records it requested and to the release of any non-exempt records identified in that adequate search. No legal basis exists for the USPTO's failure to search adequately for the records Plaintiff seeks.

### SECOND CAUSE OF ACTION

(FOIA – Failure to Disclose Responsive Records)

21. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted all administrative remedies with respect to these FOIA requests.

22. Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested, and there is no legal basis for the USPTO's failure to disclose the unproduced records in full and the portions of produced records that were withheld under exemption 5.

23. FOIA also requires agencies to release "[a]ny reasonably segregable portion of a record," 5 U.S.C. § 552(b), and the USPTO has not fulfilled its segregability obligation.

## CLAIM FOR RELIEF

24. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

25. Plaintiff has a legal right under FOIA to obtain the specific agency records sought in the Requests, and Defendant's failure to promptly make the requested records available to Plaintiff has no legal basis.

26. Defendant's failure to determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receipt whether to comply with the Request directed to it violates FOIA, 5 USC § 552(a)(6)(A)(i), and applicable regulations promulgated thereunder.

27. Defendant's failure to conduct a reasonable search for the records responsive to the Requests and to promptly make them available violates FOIA, 5 U.S.C. § 552(a)(3), and applicable regulations promulgated thereunder.

28. The failure of Defendant to process as soon as practicable the Requests, which were granted expedited processing, violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii) and applicable regulations promulgated thereunder.

29. This delay is unreasonable in light of the fact that the records Plaintiff is requesting are possessed by the USPTO and readily accessible by the USPTO.

30. Plaintiff is unable to obtain the requested records directly from alternate sources because the requested materials are in the sole custody of the USPTO.

31. The USPTO's disregard of its duty to release the documents requested has harmed and will continue to harm Plaintiff until the USPTO is compelled to comply with FOIA.

32. On information and belief, Defendant currently has possession, custody or control of the requested records.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

1. Enjoin the USPTO from withholding the requested documents;
2. Declare that the USPTO violated FOIA by unlawfully withholding the requested records;
3. Order that the USPTO to undertake an additional search for responsive records;
4. Order the USPTO to conduct a reasonable search for the requested records and to disclose them to Plaintiff in their entireties and on an expedited basis;
5. Order the USPTO to make the requested records available to Plaintiff at no cost and without delay;
6. Award Plaintiff costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E);
7. Retain jurisdiction to ensure compliance with the Court's decree; and
8. Grant other such relief as the Court may deem just and proper.

Respectfully submitted this Monday October 20, 2025

LEGALFORCE RAPC WORLDWIDE P.C.

/s/ Raj V. Abhyanker_____
Raj V. Abhyanker
Attorneys for Plaintiff:
LegalForce RAPC Worldwide, P.C.

**BENCH TRIAL REQUESTED**

Plaintiff hereby requests a bench trial for the declaratory relief alleged in this Complaint.

Respectfully submitted this Monday October 20, 2025.

                  LEGALFORCE RAPC WORLDWIDE P.C.

                  By __/s/ Raj V. Abhyanker_____
                  Raj V. Abhyanker
                  Attorneys for Plaintiff:
                  LegalForce RAPC Worldwide, P.C.